IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIDNEY SCHEPENS and GLADYS § | | |
| SCHEPENS, d/b/a § | | PLAINTIFFS |
| QUALITY AUTO SUPPLY § | | |
| § | | |
| v. § | | CAUSE NO. 1:05CV269 |
| § | | |
| BELLSOUTH ADVERTISING AND § | | |
| PUBLISHING CORP, INC. and § | | |
| ONE SOURCE TELECOM GROUP, INC. § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT BELLSOUTH ADVERTISING
AND PUBLISHING CORP., INC.'S MOTION TO DISMISS CONTRACT CLAIMS**

THE MATTER BEFORE THE COURT is the Motion to Dismiss of Defendant BellSouth Advertising and Publishing Corp., Inc. ("BAPCO") [7], filed July 22, 2005.  The Plaintiffs have filed a response, and the Defendant has replied.  After due consideration of the submissions and the relevant law, it is the opinion of the Court that the Motion should be granted.

DISCUSSION

The individual Plaintiffs in this case operate K&S Auto Supply, d/b/a Quality Auto Supply.  Their corporation, K&S Auto Supply, Inc., is also a named Plaintiff.[1]  It appears from the attachments to the Complaint that Plaintiff K&S Auto Supply, Inc. contracted for phone service with BellSouth through One Source Telecom Group, Inc., its "Authorized Platinum Partner."   Plaintiffs allege breach of contract and negligence causes of action against both BAPCO and One Source for the incorrect listing of their name in the 2002 phonebook as K&S

---

[1] Although it is not completely clear, a fair reading of the Complaint indicates that the corporate Plaintiff is intended to be named and included as a litigant in this action.

Auto Supply rather than Quality Auto Supply.

Except for the inclusion of the corporate Plaintiff, this Complaint is identical to the complaint filed in this Court under cause no. 1:04cv618; *Sidney Schepens and Gladys Schepens, d/b/a Quality Auto Supply v. BellSouth Advertising and Publishing Corp, Inc. and One Source Telecom Group, Inc.* In that case, the Court granted a motion to dismiss filed by BAPCO because the Plaintiffs did not respond to the motion. BAPCO contends that it requested dismissal with prejudice, and because the Court's order did not specify otherwise, the claims of the individual Plaintiffs in this lawsuit were dismissed with prejudice in the previous suit. BAPCO also contends that the neither the individual Plaintiffs nor BAPCO are parties to the contract at issue.

PLAINTIFFS' CLAIMS:

The issue of whether the individual Plaintiffs may bring a breach of contract claim against BAPCO, based on the contract attached to the Complaint, was adjudicated in the previous action. Their breach of contract claims were dismissed with prejudice because that relief was requested in the motion, and the Plaintiffs failed to oppose it. The individual Plaintiffs indicate that they made a strategic decision not to oppose the motion, "because their major defendant in this cause and the one that committed most of the wrongdoing is OneSource Telecom Group, Inc. At the time of the Plaintiff [sic], BAPCO's Motion to Dismiss, OneSource Telecom, Inc. had already been dismissed from the lawsuit."

Furthermore, it does not appear from the face of the Complaint that any of the Plaintiffs may bring a breach of contract claim against BAPCO. "In any suit for breach of contract, the plaintiff has the burden of proving by a preponderance of the evidence the existence of a valid

and binding contract..." *Warwick v. Matheney,* 603 So.2d 330, 336 (Miss. 1992)(citing 17A C.J.S. *Contracts,* § 590(d) at 1148).  Of course, at this stage of the proceedings the Court is merely examining the sufficiency of Plaintiffs' Complaint.  However, the contract attached to the Complaint does not mention an entity named BAPCO, nor is BAPCO a signatory to the contract.  Therefore, dismissal of Plaintiffs' claims of breach of contract against BAPCO is warranted. *Jackson v. Procunier*, 789 F.2d 307, 309 n. 4 (5th Cir.1986).  The Court notes that Plaintiffs' negligent misrepresentation and fraud claims were not addressed by BAPCO's Motion to Dismiss, and therefore remain pending.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss of Defendant BellSouth Advertising and Publishing Corp., Inc.[7] is **GRANTED**.  Plaintiffs' breach of contract claims against BellSouth Advertising and Publishing Corp., Inc. are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 16th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
